PETER M. WILLIAMSON, Esq. (State Bar No. 97309)
WILLIAMSON LAW FIRM
3220 Foothill Drive, Suite 5
Westlake Village, CA 91361
Tel: (818) 403-2600
Fax: (818) 446-9835
Email: pmw@williamsonlawfirm.net

Attorneys for Plaintiff ROBIN ZUMWALT, individually and as the personal representative of CHRISTOPHER ZUMWALT, deceased; and ANTHONY ZUMWALT, individually

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ZUMWALT, individually and as the personal representative of CHRISTOPHER ZUMWALT, deceased; and ANTHONY ZUMWALT, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPUTIES DOES 1 through 5; and DOES 6 through 25, inclusive,<br><br>Defendants. | CASE NO.: 5:21-cv-1795<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. 42 U.S.C. § 1983 – WRONGFUL DEATH<br><br>2. 42 U.S.C. § 1983 – SURVIVAL ACTION;<br><br>3. 42 U.S.C. § 1983 – DEPRIVATION OF THE RIGHTS OF PLAINTIFFS' TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT<br><br>4. CAL. CIV. CODE § 52.1;<br><br>5. 42 U.S.C. § 1983; CAL. GOVERNMENT CODE § 845.6 – FAILURE TO RENDER MEDICAL CARE<br><br>6. NEGLIGENCE<br><br>DEMAND FOR JURY TRIAL |

//

//

# JURISDICTION

1. Jurisdiction is conferred upon this Court by *28* U.S.C. § 1331 (federal question) and _____ (civil rights). The state law claims for relief are within the supplemental jurisdiction of the Court, pursuant to 28 U.S.C. § 1367.

# VENUE

2. Plaintiffs' claims herein arise out of an incident involving Riverside County Sheriff's Deputies and other personnel of the Riverside County Jail, in the County of Riverside, State of California, and within this judicial district.

# PARTIES

3. Plaintiffs, ROBIN ZUMWALT and ANTHONY ZUMWALT are competent adults who bring these claims individually and as the Successors in Interest to Christopher Zumwalt, deceased. Plaintiffs are the mother and father of Decedent, respectively, and are residents of the County of Riverside and entitled to bring these claims individually pursuant to California *Code of Civil Procedure* § 377.60, and federal civil rights law.

4. As described above, Plaintiffs herein bring these claims pursuant to California *Code of Civil Procedure* §§ 377.20 *et seq.* and 377.60 *et. seq.* which provide for survival and wrongful death actions. These claims are also brought individually on behalf of Christopher Zumwalt, on the basis of 42 U.S.C. §§ 1983 and 1988.

5. Defendant, COUNTY OF RIVERSIDE (hereinafter referred as "COUNTY"), is a County operating pursuant to its Charter. It is a local government entity and is not an arm of the State of California for Eleventh Amendment purposes and owns, operates, manages, directs and controls the Riverside County Sheriff's Department ("RCSD") which employees other defendant in this. The COUNTY and the RCSD provide law enforcement services to residents of Riverside County and own, direct, operate, control, and maintain the jail system in the County including the Larry D. Smith Correctional Center.

6. At all times herein mentioned, Defendants, RIVERSIDE COUNTY DEPUTY SHERIFFS DOES 1 through 5, were sworn Deputy Sheriffs employed as law enforcement officers by Defendant, COUNTY, and were acting within the course and scope of their

employment. Defendants, RIVERSIDE COUNTY DEPUTY SHERIFFS DOES 1 through 5, are being sued in their individual capacity. Upon ascertaining the true identity of Defendants, RIVERSIDE COUNTY DEPUTY SHERIFFS DOES 1 through 5, Plaintiffs will amend this Complaint or seek leave to do so by inserting the true names in lieu of the fictitious names.

7. Plaintiffs sue Defendants DOES 6 through 25 by such fictitious names because their true identities are presently unknown to Plaintiffs. Upon ascertaining the true identity of a defendant Doe, Plaintiffs will amend this Complaint or seek leave to do so by inserting the true name in lieu of the fictitious name.

8. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damage to Plaintiffs. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision and discipline of the Defendants, including Doe Defendants.

9. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within he course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

10. The acts and omission of all Defendants as set forth herein were at all material times pursuant to the actual custom, policies, practices, and procedures of the Riverside County Sheriff's Department.

/ /

11. At all material times each Defendant acted under the color of the laws, statutes, ordinances and regulations of the State of California.

12. Plaintiffs timely filed an administrative claim with the County of Riverside pursuant to California *Government Code § 910*. The claim was denied on April 29, 2021, and this action is timely filed within all applicable statutes of limitation.

13. This Complaint may be pled in the alternative pursuant to Federal Rules of Civil Procedure, Rule 8e(2).

## FACTS

### A. General Allegations on Policy and Practice

14. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants COUNTY, RCSD, and DOES 1 through 10, with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of the decedent, plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things;

    a. Failing to adequately educate, train, and supervise deputies in the arts of law enforcement, including, without limitation, safely handling pre-trial detainees who are intoxicated, under the influence or otherwise impaired;

    b. Failing to adequately educate, train, and supervise deputies in the arts of law enforcement, including, without limitation, the appropriate and lawful use of force to restrain individuals who are intoxicated, under the influence or otherwise impaired;

    c. Failing to adequately discipline officers involved in misconduct who fail to respond to an inmate's constitutionally protected requests for medical care and who fail to provide inmate access to medical care; and

    d. Condoning and encouraging officers in the belief that they can violate the constitutional rights of persons such as the decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

15. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants, County of Riverside, through the Riverside County Sheriff's Department, ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard for the safety, security, and rights of Plaintiffs and their Decedent.

B.   Allegations Regarding the Death of Mr. Zumwalt.

16. On October 22, 2020, Decedent was arrested without incident by RCSD Deputies, at or near his residence located in a part of Riverside County known as Whitewater. Allegedly, the Decedent appeared to be under the influence of an unknown substance.

17. Plaintiffs are informed and believe and thereon allege that subsequent to his arrest, Decedent was transported by RCSD Deputies to the Larry D. Smith Correctional Center in Banning, California, where he was detained, booked, and processed into the jail facility.

18. Plaintiffs are informed and believe and thereon allege that subsequent to his being booked and processed into the Larry D. Smith Correctional Center, Decedent was placed into a jail cell where he was beaten, battered, punched, kicked, and otherwise assaulted by unknown Deputy Sheriffs and other jail personnel, herein named as RIVERSIDE COUNTY DEPUTY SHERIFFS DOES 1 through 5, and DOES 6 through 25, inclusive, and each of them.

19. Plaintiffs are informed and believe and thereon allege that as a result of being beaten, battered, punched, kicked, and otherwise assaulted, Decedent suffered significant physical and emotional injuries, including head trauma, and pain and suffering, all of which required immediate medical attention and care for the injuries he sustained.

20. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, failed to provide emergency medical to Decedent in a timely fashion waiting nearly 60 minutes before transporting him to San Gorgonio Hospital. However, because his injuries were so significant as to require a more intensive level of medical care, Decedent was transported to Lomia Linda University Medical Center on October 23, 2020, where he died as a result of his injuries.

21. On or about February 19, 2021, the Riverside County Coroner's Office revised Decedent's Death Certificate to reflect Decedent's manner of death to be "Homicide" (death at the hands of another) and referenced a cause of death to be "Physical Confrontation with Law Enforcement".

C.  Allegations Regarding Damages.

22. Plaintiffs have sustained pecuniary loss and other damages resulting from the loss of support, Decedent's care, comfort and society, and have sustained severe emotional distress, all in amounts in accordance with proof. Plaintiffs have incurred burial and other related expenses. The decedent sustained general damages, including the loss of enjoyment of his life, in an amount in accordance with proof.

23. The conduct of the individual defendants was willful, malicious, oppressive and in reckless disregard for the constitutional rights of Plaintiffs and the decedent himself, thus justifying punitive damages against the individual Defendants (not the entity Defendants, who are immune from such damages) in an amount in accordance with proof at the time of trial.

FIRST CLAIM FOR RELIEF

42 U.S.C. § 1983 – WRONGFUL DEATH

(Against All Defendants)

24. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 24, and incorporate the same as though fully set forth herein.

25. Defendants, acting under color of state law, deprived the Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States,

including those secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution by, among other things:

    a) beating, battering, punching, kicking, and otherwise assaulting Decedent which caused Decedent to suffer significant, and ultimately, fatal injuries;

    b) failing to provide decedent with immediate medical care despite his severe physical injuries and pain and suffering;

    c) showing deliberate indifference to the constitutional rights of the decedent by failing to provide him with immediate medical care.

26. The foregoing wrongful acts of Defendants, and each them, resulted in the death of the Decedent.

27. Plaintiffs are the proper parties with standing pursuant to California *Code of Civil Procedure* § 377.60 (incorporated herein by virtue of 42 U.S.C. § 1988), to pursue their remedies for wrongful death, including pecuniary loss and other compensable injuries resulting from loss of the care, comfort, society, attention, services, and support of the Decedent.

28. As a further proximate result of the acts of Defendants, and each them, as alleged above, Plaintiffs have incurred expenses, including burial expenses, in an amount in accordance with proof at the time of trial.

SECOND CLAIM FOR RELIEF

42 U.S.C. § 1983 – SURVIVAL ACTION

(Against All Defendants)

29. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 28, and incorporate the same as though fully set forth herein.

30. Plaintiffs bring this claim for relief in their capacity as the successor in interest and personal representatives of the Decedent, for whom there is no estate opened.

31. The foregoing claim for relief arose in the Decedent's favor, and the Decedent would have been the Plaintiff with respect to this claim for relief had he lived.

/ /

32. Defendants, and each of them, acting under color of state law, deprived the Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution by, among other things:

    a) beating, battering, punching, kicking, and otherwise assaulting Decedent which caused Decedent to suffer significant, and ultimately, fatal injuries;

    b) failing to provide decedent with immediate medical care despite his severe physical injuries and pain and suffering;

    c) showing deliberate indifference to the constitutional rights of the decedent by failing to provide him with immediate medical care.

33. As a proximate result of the foregoing wrongful acts of defendants, and each of them, the decedent sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof at the time of trial.

34. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs and the Decedent himself. The conduct of the individual defendants was willful, malicious, and oppressive justifying an award of punitive damages against the individual Defendants (not the entity Defendants, who are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct in accordance with proof at the time of trial.

THIRD CLAIM FOR RELIEF

42 U.S.C. § 1983 – DEPRIVATION OF THE RIGHTS OF

PLAINTIFF TO FAMILIAL RELATIONS WITH THE DECEDENT

(Against All Defendants)

35. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 34, and incorporate the same as though fully set forth herein.

36. Defendants, and each of them, acting under color of state law, deprived Plaintiffs of their right to familial relations in violation of the Fourth Amendment and

without due process of law in violation of the Fourteenth Amendment by their conscious-shocking conduct in deliberate indifference to Decedent's well-being and immediate need for medical care causing Decedent's death, all in violation of rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution.

37. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiffs sustained general damages including grief, emotional distress and pain and suffering and loss of the care, comfort and society, and special damages, including loss of support, in an amount in accordance with proof at the time of trial.

38. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs and the Decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity Defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct in an amount according to proof at the time of trial.

## FOURTH CLAIM FOR RELIEF
## CAL. CIVIL. CODE § 52.1 – BANE ACT
### (Against All Defendants)

39. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 38, and incorporate the same as though fully set forth herein.

40. By their acts, omissions, customs and policies, Defendants, and each of them, acting in concert as described above, and by threat, intimidation, and coercion, violated Plaintiffs and Decedent's rights under California *Civil Code* § 52.1, and the following clearly established rights under the laws and consitutions of the United States and California:

a) Decedent's right to free from a unreasonable seizure as a pre-trial detainee and jail inmate, as secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 7 and 13;

   b) Decedent's right to be free from cruel and unusual punishment as secured by the Eighth Amendment to the United States Constitution and the California Constitution, Article 1, Section 6;

   c) Decedent's right to be free from deliberate indifference to his serious and urgent medical needs while in custody as an inmate, as secured by the Fourteenth Amendment to the United States Constitution and the California Constitution, Article 1, Sections 7;

   d) Decedent's rights and liberty interests, as an incapacitated criminal suspect to be free from incarceration and to timely restorative treatment, as secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 6 and 7;

   e) Plaintiffs' rights to be free from wrongful government interference with familial relationships and their right to comfort, companionship, society and support with the Decedent, as secured by the Fourteenth Amendment to the United States Constitution;

   f) The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and

   g) The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code, § 43.

  41. Defendants, and each of their violation of Decedent's state and federal constitutional and statutory rights through their own intentional and volitional conduct, and with deliberate indifference to his rights and safety, in and of itself, constitutes threat, intimidation, or coercion under the Bane Act.

  42. To the extent this claim is based on a violation of the Decedent's rights, it is asserted as a survival claim. To the extent the violations of rights, w as herein above described, were done to Plaintiffs, it is asserted as a wrongful death claim. To the extent the violations as herein above described, were done to both Decedent and the Plaintiffs, and the Decedent, it is asserted as both a wrongful death and survival claim.

43.   Defendant COUNTY is vicariously liable for the acts of its employees pursuant to California Government Code § 815.2.

44.   As a direct and proximate result of Defendants' violation of California *Civil Code* § 52.1 and of the Plaintiffs' and Decedent's rights under the United States and California Constitutions and statutory law, they sustained injuries and damages, and as against each Defendant, is entitled to relief as set forth above, and punitive damages against all individual Defendants (not the entity Defendant which is immune from such damages), including all damages and penalties allowed by California *Civil Code* §§ 52 and 52.1 and California law, three times actual damages, and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
## 42 U.S.C. § 1983; CAL. GOVERNMENT CODE § 845.6 –
## FAILURE TO RENDER MEDICAL CARE
### (Against All Defendants)

45.   Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 44, and incorporate the same as though fully set forth herein.

46.   The Defendants, and each of them, knew or had reason to know that Decedent was in need of emergency medical care and failed to take reasonable and immediate action to summon such medical care.

47.   The Defendants, and each of them, were deliberately indifferent to the rights of the Decedent by failing to take reasonable and immediate action to summon medical care for him when they knew or had reason to know that Decedent was in need of immediate emergency medical care.

48.   As a direct and proximate cause of the aforementioned acts of Defendants, and each of them, Decedent and Plaintiffs were injured as set forth herein above, and are entitled to damages according to proof at the time of trial.

/ /

/ /

/ /

## SIXTH CLAIM FOR RELIEF
## NEGLIGENCE – WRONGFUL DEATH
(Against All Defendants)

49. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 48, and incorporate the same as though fully set forth herein.

50. Defendants, and each of them, failed to exercise ordinary care in the custody, observation, housing, medical evaluation, treatment and care of the Decedent, proximately causing his death. Defendants caused Decedent injury to his person and failed to secure timely and necessary medical treatment to prevent his death. Said acts constitute negligence.

51. As a direct and proximate cause of the aforementioned acts of Defendants, and each of them, Plaintiffs each lost the support, love, comfort and society of the Decedent, as alleged herein above.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

On the First, Second, Third, and Fourth Causes of Action

(a) Compensatory general and special damages in accordance with proof;

(b) Reasonable attorney's fees and expenses of litigation;

(c) Punitive and Exemplary damages against the individual defendants (but not the entity Defendant which is immune from such damages) in an amount sufficient to make an example of the individual defendants and to deter future misconduct;.

On the Fourth Cause of Action

(d) Statutory damages as appropriate;

On the Fifth Cause of Action

(e) Compensatory general and special damages in accordance with proof;

On the Sixth Cause of Action

(f) Compensatory general and special damages in accordance with proof;

/ /

<u>On All Causes of Action</u>

  (c) Compensatory general and special damages in accordance with proof;

  (d) Costs of suit necessarily incurred herein; and

  (e) For such other and further relief as the Court deems just or proper.

DATED: October 23, 2021   WILLIAMSON LAW FIRM

By: _____
   PETER M. WILLIAMSON, Esq.
   Attorneys for Plaintiffs
   ROBIN ZUMWALT and
   ANTHONY ZUMWALT

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury pursuant to _____.

DATED: October 23, 2021   WILLIAMSON LAW FIRM

By: _____
   PETER M. WILLIAMSON, Esq.
   Attorneys for Plaintiffs
   ROBIN ZUMWALT and
   ANTHONY ZUMWALT